UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEROMY L., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. **C24-881-BAT** <br><br> **ORDER AFFRIMING AND DISMISSING THE CASE WITH PREJUDICE** |

Plaintiff appeals the ALJ's December 2023 decision finding him not disabled. Dkt.1. After conducting a hearing, the ALJ found Plaintiff applied for supplemental security income in July 2021; Plaintiff has not engaged in substantial gainful activity since July 29, 2021; Plaintiff's lumbar degenerative disc disease, right clavicle fracture with acromioclavicular (AC) joint arthritis, right fourth proximal phalange fracture, bipolar disorder and attention deficit hyperactivity disorder are severe impairments; Plaintiff retains the residual functional capacity (RFC) to perform light work subject to additional physical and mental limitations; Plaintiff has no relevant past work but is not disabled because he can perform jobs that exist in the national economy. Tr. 17-32.

Plaintiff contends the Court should remand his case for further proceedings because the ALJ harmfully discounted his testimony about the severity of his symptoms. Dkt. 11. In

response, the Commissioner contends the Court should affirm the ALJ's decision because the ALJ's reasonably discounted Plaintiff's testimony based upon substantial evidence of record. Dkt. 13. Having reviewed the parties' pleadings and the record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

In her decision, the ALJ noted Plaintiff testified he lives by himself; has had a driver's license since 2023; thinks he is disabled because whenever he lies down, he has seizure-like episodes; and he uses an inhaler and takes Gabapentin for his seizures and Hydroxyzine not for mental health symptoms but to control hives. Tr. 23. Plaintiff also testified he has pain from his chest to his toes which worsens when he walks, sits, or lies down; the pain is greatest when he is on his feet. *Id.* Plaintiff indicated he does not take pain medications and can sit for close to an hour, stand for 15-minutes and carry no more than 10 pounds. *Id.*

Plaintiff's right hand was crushed, and his right clavicle was severed in a 2016 car accident. Following the accident, he was incarcerated and completed parole in August 2022; was his mother's caregiver for eight and a half months although he did not provide daily care. He spends his day lying around and has a friend help him clean his home and do the laundry. *Id*. at 24.

Plaintiff also stated during the five years her served in prison for vehicular homicide, he was drugged, had traumatic experiences in prison and thus has PTSD. He indicated his PTSD prevents him from dealing with authority figures or get along with co-worker and he has not obtained employment because his mind wanders, and he is in a lot of pain. *Id.*

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms but Plaintiff's testimony about the severity of his symptoms was not consistent with the medical and other evidence of record. Tr. 24.

ORDER AFFIRMING AND DISMISSING THE CASE WITH
PREJUDICE - 2

1   In support, the ALJ first addressed Plaintiff's mental health symptoms and found "the record contains no mental health treatment." *Id.* The ALJ noted Plaintiff stated he has taken Hydroxyzine for ten years not mental health problems but to prevent hives. *Id.* The ALJ further noted Plaintiff's medical records indicated "normal mental health findings and there is no indication that the claimant was referred to a mental health provider and encouraged to seek more intensive mental health treatment." *Id.* The ALJ reviewed Plaintiff's prison records and found there is no evidence in those records of prescription mental health medication, that the prison noted an allergy to egg products, Plaintiff was held in the general prison population, and Plaintiff stated during intake into prison system that he had no mental health problems, had never received inpatient or outpatient mental health treatment and appeared, alert, oriented and cooperative. *Id.* at 24-25.

Plaintiff contends the ALJ failed to provide clear and convincing reasons to discount his testimony and thus harmfully erred. Plaintiff first argues the ALJ did nothing more than summarize his testimony and the medical evidence "without offering any reasons why or how any of the evidence contradicted any of Plaintiff's testimony." Dkt.11 at 4.

However, as discussed above, the ALJ specifically found in her decision that Plaintiff's testimony about his mental health symptoms was inconsistent with the lack of any records showing Plaintiff ever received mental health treatment both in the community and while he was incarcerated, and that his providers did not suggest to Plaintiff he needed to obtain mental health treatment. Further, the ALJ noted when Plaintiff went through prison intake in April 2021, he denied having mental health problems, denied having received mental health treatment and appeared normal to intake staff.

|   |   |
|---|---|
| 1 | The Court finds the ALJ's determination that the lack of any records showing treatment |
| 2 | for mental health symptoms, Tr. 24, and Plaintiff's statement to prison officials that he did not |
| 3 | have mental health problems, *id.*, are clear and convincing reasons to discount his testimony |
| 4 | about the severity of his mental health symptoms and supported by the record. The ALJ properly |
| 5 | discounted Plaintiff's testimony based upon a record that does not show he was ever treated for |
| 6 | the mental health conditions causing the claimed symptoms. *See e.g., Burch v. Barnhart*, 400 |
| 7 | F.3d 676, 681 (9th Cir. 2005) (Affirming the ALJ's decision where "the ALJ partially discredited |
| 8 | Burch's back pain testimony for lack of consistent treatment: "[Burch] had not had any treatment |
| 9 | for her back for about three or four months."). |
| 10 | The Court is mindful the ALJ may not discount a claimant's testimony if the claimant |
| 11 | lacked access to medical care due to financial means or homelessness. *See Roque v. O'Malley*, |
| 12 | 2024 WL 3355363 at * 2 (9th Cir. July 10, 2024) (citing *Regennitter v. Comm'r of Soc. Sec.* |
| 13 | *Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1999).  Here, however, Plaintiff makes no claim he lacked |
| 14 | access to medical care, and the record would not support such a claim. Rather the record contains |
| 15 | medical records from July 2020 to July 2023 which indicate Plaintiff had access to medical care. |
| 16 | The ALJ correctly found none of these records indicated Plaintiff suffered from a mental |
| 17 | disorder that required treatment. Additionally, Plaintiff does not challenge the ALJ's finding that |
| 18 | Plaintiff told the prison intake staff he did not have mental health problems. |
| 19 | Plaintiff also contends the ALJ erred in discounting his testimony about the severity of |
| 20 | his mental limitations because Plaintiff made statements to an examining doctor that he once |
| 21 | stabbed a person and was kicked out of school due to his anger problems. Dkt. 11 at 4. Plaintiff |
| 22 | argues there is no way one can determine whether the ALJ considered these statements because |
| 23 | the ALJ did not specifically mention them. *Id.*  The record does not support Plaintiff's |

ORDER AFFRIMING AND DISMISSING THE CASE WITH
PREJUDICE - 4

1  implication the ALJ did not consider Plaintiff's claims about a history of violence. At step-three,

2  the ALJ specifically noted Plaintiff "reported having problems getting along with family, friends

3  and others due to this ADD/ADHD, a long history of violence with authority figures and being

4  fired or laid off due to problems getting along with others." Tr. 21, 22. The ALJ also noted

5  examining doctor Carl Epp's report regarding Plaintiff's anger and mood deterioration and found

6  "the claimant's medical providers did not appreciate the same mood deterioration, anger or

7  irritability noted by Dr. Epp." Tr. 22. The ALJ went on to assess Dr. Epp's findings and

8  discounted them. Plaintiff has not challenged the ALJ's determination to discount Dr. Epp's

9  opinions. The ALJ further noted Plaintiff's treating doctor stated Plaintiff "does not have mental

10 limitations," which is an uncontested opinion that is supported by the treatment record. Tr. 25.

11         The Court accordingly finds the ALJ did not erroneously overlook some of Plaintiff's

12 alleged symptom testimony; rather the ALJ obviously considered them because they were

13 contained in the evaluation performed by Dr. Epp which the ALJ discounted. The Court

14 accordingly declines to adopt Plaintiff's argument the ALJ committed harmful error and affirms

15 the ALJ's determination to discount Plaintiff's testimony about his mental health limitations.

16         Turning to Plaintiff's testimony about his physical limitations, Plaintiff contends the ALJ

17 "did not mention the fact that Plaintiff testified he could sit for no more than one hour at a time

18 due to his back pain, nor did she noted that Plaintiff also testified that he needed to lay down

19 periodically throughout the day because of his back pain." Dkt. 11 at 4. However, the ALJ noted

20 Plaintiff's testimony "he can sit close to an hour," Tr. 23, and that "during the day he lies around

21 and recovers from the prior's day's activity such as showering," so the Court cannot agree with

22 Plaintiff the ALJ did not mentioned or recognize his claimed physical limitations, and the

23

implication the ALJ thus impermissibly overlooked portions of his testimony about his limitations.

Further the Court finds the ALJ provided clear and convincing reasons to discount Plaintiff's testimony about his physical limitations. The ALJ specifically found the record does not support Plaintiff's testimony about his physical impairments. Tr. 26. In support, the ALJ noted Plaintiff has had "minimal conservative treatment with his primary care provider, with a prescription of Gabapentin and a lumbar x-ray which showed degenerative findings, but Dr. Lee relayed that the findings were typical for someone of claimant's age" and there is no indication that Plaintiff "was referred for more intensive treatment such as pain management or surgery." *Id.*

The ALJ further noted Plaintiff's prison medical records reaffirm Plaintiff has had only minimal medical treatment. The ALJ then reviewed Plaintiff's medical records and found Plaintiff's medical records do not support Plaintiff's testimony about his limitations. *Id.* at 26-28. Plaintiff has not contested the ALJ's determination that the medical record does not support Plaintiff's testimony or the weight the ALJ assigned to the various opinions and reports of record. Plaintiff has thus failed to show the ALJ harmfully erred, and the Court accordingly affirms the ALJ's determination to discount his testimony about his physical limitations.

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

DATED this 9th day of December, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge